J-S71026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL DIAZ RUSSI | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2018 |

Appeal from the PCRA Order March 30, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003479-2012,
CP-15-CR-0003768-2012

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                              **FILED APRIL 30, 2019**

Appellant, Miguel Diaz Russi, appeals from the Order entered March 30, 2018, which denied and dismissed his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In addition, Appellant's appointed counsel, Stuart R. Crichton, Esq., has filed an Application to Withdraw as Counsel and an accompanying ***Turner/Finley*** "no-merit" letter.[1]  We grant counsel's Application and affirm the PCRA court's Order.

We need not recite the underlying facts in detail to address this appeal. In October 2013, following his arrest for participating in a string of robberies,

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant entered a "hybrid" Guilty Plea to four counts each of Robbery and Conspiracy.[2,3]  Trial Ct. Pa.R.A.P. 1925(a) Opinion, 1/19/15, at 3.  After accepting his Plea, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years of incarceration.  *Id.* at 6-7.  On appeal, Appellant challenged discretionary aspects of his Sentence, but this Court affirmed the Judgment of Sentence, discerning no abuse of the trial court's discretion. *Commonwealth v. Russi*, No. 3587 EDA 2015, unpublished memorandum at 2-4 (Pa. Super. filed September 20, 2016).  Appellant did not pursue further appellate relief.

In September 2017, Appellant filed a Petition for collateral relief, asserting that Plea Counsel, Peter Jurs, Esq., had improperly induced his Plea. Appellant's Petition, 9/19/17, at 3.  The Commonwealth filed a court-ordered response.  Commonwealth's Answer, 11/3/17.

In March 2018, the PCRA court conducted an evidentiary hearing. Appellant testified that counsel convinced him to plead guilty by leaving him "with the impression [Appellant] was going to get ten to twenty, not twenty-five to fifty" years in prison.  N.T. PCRA Hearing, 3/19/18, at 14.  Appellant denied that he would have pleaded guilty had he known in advance of his potential sentence.  According to Appellant, "I didn't want to take no deal of

---

[2] 18 Pa.C.S. §§ 3701(a)(1) and 903(c), respectively.

[3] The Commonwealth agreed to consider Appellant's crimes as second-strike offenses instead of third.  Trial Ct. Pa.R.A.P. 1925(a) Opinion, 1/19/15, at 4. Thus, Appellant's Plea was neither "open," nor "negotiated" in terms of a specific sentence.

twenty-five years. If you're going to make it twenty-five years, I'm prepared to fight." *Id.* at 12.

Appellant also asserted that Plea Counsel pressured him to plead guilty "by pushing over and over and over[.]" *Id.* at 18. Nevertheless, Appellant also acknowledged that: (1) there was no negotiated sentence; (2) no one had promised him less than twenty-five years or threatened him; and (3) subject to the court's discretion, Appellant faced a maximum sentence of 140 years. *Id.* at 16-17, 18, 21.

Plea Counsel also testified at the hearing. Counsel denied that he told Appellant he could expect a ten-year sentence. *Id.* at 29-30. Rather, according to Plea Counsel, Appellant was facing third-strike offenses, each one carrying a mandatory twenty-five year sentence. *Id.* at 25-26. However, counsel explained, in exchange for Appellant's plea, the Commonwealth agreed to treat them as second-strike offenses, which mandated a ten-year minimum sentence. *Id.* at 26-27. Thus, according to Plea Counsel, he presented Appellant with a choice: (1) proceed to trial and, if convicted on a single count, face a mandatory twenty-five year minimum sentence, or (2) plead guilty and expect a minimum ten-year sentence on each count. *Id.* at 27-29 (further clarifying that the sentencing judge had discretion to impose sentences concurrently or consecutively). Plea Counsel acknowledged that he expressed his opinion to Appellant—that considering his options, Appellant should plead guilty—but denied that he had threatened or pressured Appellant. *Id.*

Following the hearing, the PCRA court denied Appellant's Petition. The court specifically credited Plea Counsel's testimony. PCRA Ct. Order, 3/30/18, at 1 n.2. Further, the PCRA court noted that Plea Counsel's advocacy had secured an agreement from the Commonwealth to consider Appellant's crimes as second-strike offenses for sentencing purposes, "thereby saving [Appellant] a substantial amount of prison time." *Id.* Finally, following its review of the testimony and Appellant's oral and written Colloquies, the court concluded that Appellant suffered no prejudice from Plea Counsel's representation and had tendered a knowing, voluntary, and intelligent Plea "free from any unlawful or improper inducement[.]" *Id.*

Although represented by counsel, Appellant *pro se* timely appealed. Thereafter, Attorney Crichton filed a Statement indicating his intent to file a ***Turner***/***Finley*** "no-merit" letter. ***See*** Pa.R.A.P. 1925(c)(4).[4]

In this Court, Attorney Crichton filed a ***Turner***/***Finley*** Letter in the form of a brief, raising the following issue:

1. Whether the [c]ourt erred in denying and dismissing the Appellant's PCRA Petition[.]

_____

[4] Appellant is not entitled to hybrid representation. ***Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). On the other hand, a notice of appeal is distinguishable from other filings, as it protects a constitutional right. ***Id.*** at 624 (citing ***Commonwealth v. Ellis***, 626 A.2d 1137, 1138-41 (Pa. 1993); 210 Pa. Code § 65.24). Accordingly, "this Court is required to docket a *pro se* notice of appeal despite [an a]ppellant being represented by counsel[.]" ***Id.***

*Turner*/*Finley* Letter at 3. In addition, counsel has filed an Application to Withdraw as Counsel.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Crichton has complied with each of the above requirements. Referencing his familiarity with the matter and conscientious examination of the record, the standard of review on appeal, and quoting from the PCRA court's March 30, 2018 Order, in which the court credited testimony from Plea Counsel, Attorney Crichton concluded that "an appeal would be wholly frivolous." Appellant's Br. at 5. In addition, Attorney Crichton sent Appellant copies of the *Turner*/*Finley* "no merit" letter and his Application to Withdraw, and he advised Appellant of his rights in lieu

of representation. *See* Application to Withdraw as Counsel, 9/17/18, Exh. 2 (Letter, dated 9/11/18). Because Attorney Crichton has complied with the ***Turner***/***Finley*** requirements, we will proceed with our independent review of the record and merit of Appellant's claim.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citing ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Id.***

Appellant contends that Plea Counsel was ineffective. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012). A claim will be denied if the petitioner fails to meet

any one of these prongs. *See Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)). In particular, it is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Appellant's claim of ineffectiveness involves two assertions. According to Appellant, Plea Counsel (1) convinced him that the court would impose a ten-year sentence and (2) "pressured" him to plead guilty. *Turner*/*Finley* Letter at 6.

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 1002. A defendant need not be pleased with the outcome of his decision to plead guilty. *Anderson*, *supra* at 1192 (citations omitted). "All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.*

Here, the PCRA court credited Plea Counsel's testimony, specifically rejecting Appellant's assertion that counsel had promised him a specific sentence. PCRA Ct. Order at 1 n.2. The record supports this finding, *see* N.T.

PCRA Hearing at 29-30, and we defer to the PCRA court's credibility determination. **Anderson**, **supra** at 1189. Thus, Appellant's first assertion— that Plea Counsel convinced him that he would receive a ten-year sentence— is without merit.

The PCRA court did not specifically address Appellant's characterization of Plea Counsel's advice as untoward "pressure."[5] Rather, the court evaluated the overall competence of counsel's representation. Referencing counsel's success in securing an agreement from the Commonwealth to treat Appellant's crimes as second-strike offenses and noting further that counsel's advocacy resulted in certain of Appellant's sentences to be imposed concurrently, the court concluded that counsel's advice to Appellant "had a reasonable basis [that] was not only designed to effectuate [Appellant's] interests, but indeed did advance [Appellant's] interests with respect to sentencing, . . . saving [Appellant] a substantial amount of prison time[.]" PCRA Ct. Order at 1 n.2.

We agree. It is counsel's responsibility not only to advocate on behalf of a client, but also to offer the benefit of his or her experience and expertise. Quite contrary to Appellant's assertion, the record reveals that Plea Counsel set forth the trial court's sentencing options in detail, explaining to Appellant

---

[5] Nevertheless, we note that Appellant's testimony undermines this assertion, as he has repeatedly acknowledged that no one forced him to plead guilty. **See** N.T. PCRA Hearing at 18; **see also** N.T. Sentencing, 10/29/13, at 34. It is well settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003). Thus, Appellant's assertion is without merit.

the risks associated with proceeding to trial compared with the relative benefits of pleading guilty. N.T. PCRA Hearing at 25-30. This advice was "within the range of competence demanded of attorneys in criminal cases." *Anderson*, *supra* at 1192.

Appellant's assertions are without merit or evidentiary support. While he may not be pleased with the sentence that he ultimately received, our independent review of the record confirms that Plea Counsel represented Appellant effectively and that Appellant entered his plea knowingly, voluntarily and intelligently. *Anderson*, *supra* at 1192. For these reasons, we conclude that the PCRA court's decision is supported by the evidence of record and free of legal error. *Jarosz*, *supra* at 350. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm the PCRA court's Order.

Application to Withdraw as Counsel granted; Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19